[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has instituted this action seeking to recover from its insurance carrier for breach of contract and breach of the implied covenant of good faith and fair dealing because of its failure to reimburse the plaintiff for its claimed loss under the policy. The defendant has denied the plaintiff's claims and has alleged the plaintiff has made false representations regarding the material facts, and therefore the plaintiff is not entitled to, recover under the provisions of the policy.
The plaintiff was insured under a policy of property insurance. Giovanna Caseria the sole stockholder of the plaintiff CT Page 15373 filed a claim on behalf of the corporation for losses by theft at the restaurant on November 7, 1995 and January 11, 1996. At the time of the alleged thefts the restaurant was serviced by an alarm system, and entrance was available by three doors which had bolted locks, and two of the doors also required the use of a key. On November 7, 1995, Ms. Caseria had the only keys to the doors. On November 27 she gave a key to Thomas Fiamidnisi a prospective buyer of the restaurant who was to work with her until the business was transferred to him. Mr. Fiamidnisi worked in the restaurant until January 11, 1996 when their relationship terminated because of a series of differences, and he removed his belongings. When he left on that dated he secured the premises and delivered the keys to his attorney.
On November 7, 1995 Ms. Caseria claims she was notified the alarm went off and on her arrival at the restaurant she found one television set was missing as a result of the burglary. She then discussed the incident with Detective Twana Bradley who investigated the claimed burglary. Detective Bradley testified Ms. Caseria told her three television sets were taken. The detective also found no evidence of any forced entry, and there was nothing else disturbed in the restaurant.
Ms. Caseria testified that on January 11, 1996 she received a call from Mr. Fiamidnisi who advised her he was backing out of their agreement regarding the purchase of the business. She then went to the restaurant about 5:30 p.m. and she had to disarm the alarm system to enter the premises. She then found many items were missing from the restaurant, and she called the police claiming a theft had occurred. Officer Charles Johnson then investigated and found no evidence of forced entry, or that the alarm had sounded. Detective Earl King was also assigned to investigate the incident on January 11, 1996, and he obtained from her a list of the items claimed by her to have been stolen. As a result of his investigation he found there was no burglary, and the matter was a civil dispute between Ms. Caseria and Mr. Fiamidnisi.
Thomas Fiamidnisi testified he entered into a contract with Ms. Caseria to purchase he business, and he worked with her in the restaurant from mid November until January 11, 1996. During that period he purchased items for us in the business. On January 11, 1996 he stopped the operation of the business because of differences with Ms. Caseria. He then took the items he claimed to own and then left with the doors locked, and turned he keys CT Page 15374 over to his attorney to be returned to Ms. Caseria. At the trial he testified that many items claimed to have been stolen were never present at the restaurant, or they had been removed by Ms. Caseria either to be taken home or to be discarded by her prior to January 11, 1996.
The defendant also filed special defenses alleging the plaintiff's claim is not covered because of policy exclusions and material misrepresentations by the plaintiff. The existence of coverage is an essential element of the insured's case and the insured has the burden of proving the loss falls within the terms of the policy Brown v. Employers Reinsurance Corporation,206 Conn. 668. Under the policy loss is excluded if caused by dishonest or criminal acts of anyone to whom the property is entrusted. The evidence of a dispute between Ms. Caseria and Mr. Fiamidnisi regarding items removed from the premises would not be covered under the policy as a fortuitous loss. Furthermore, if Mr. Fiamidnisi took any items entrusted to him it would also be excluded under the policy.
From the evidence presented this court finds that only Ms. Caseria and Mr. Fiamidnisi had the means of access to the premises, and there was no evidence of a forced entry or burglary. Therefore, the incident on January 11, 1996 does not entitle the plaintiff to recover for that claimed loss.
The evidence presented regarding the losses claimed on November 7, 1995 and January 11, 1996 demonstrate serious questions of credibility regarding both the circumstances of the claimed losses as well as the items allegedly stolen from the plaintiff. This court finds that under both the policy and 38a-307 of the Connecticut General Statutes the insured is barred from a recovery due to misrepresentations of material facts regarding each of the claims.
For the foregoing reason, this court find the plaintiff failed to sustain its burden of proof that the defendant breached its contract, or that it breached the covenant of good faith and fair dealing. Therefore, judgment shall enter for the defendant.
Howard F. Zoarski Judge Trial Referee CT Page 15375